
IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| ARTHUR RAY WILLIAMS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:08-CV-0098 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION
## TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS

Before the Court is a Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner ARTHUR RAY WILLIAMS. By his habeas application, petitioner challenges a June 13, 2007 prison disciplinary proceeding which took place at the Clements Unit. Petitioner was found guilty of a disciplinary offense in Cause No. 20070284105 and was punished with the forfeiture of 1,000 days previously accrued good time credits.[1]

In his habeas application, petitioner does not indicate that he filed either a Step 1 or Step 2 grievance to appeal the disciplinary decision and punishment imposed. Consequently, it is the opinion of the undersigned United States Magistrate Judge that petitioner's petition for a writ of habeas corpus should be DISMISSED.

---

[1]Other punishment with which petitioner was assessed constituted changes in the conditions of petitioner's confinement and does not implicate the Due Process Clause of the United States Constitution. *See Sandin v. Conner*, 515 U.S. 472, 478, 115 S.Ct. 2293, 2297 (1995); *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997).

## I.
## STATE COURT CONVICTION

Petitioner is in the custody of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), as a result of a December 15, 1995 conviction out of the 207th Judicial District Court of Harris County, Texas, for the offense of attempted murder, and the resulting 35-year sentence. Based on the online offender information detail maintained by TDCJ-CID, it does not appear petitioner is eligible for mandatory supervised release.[2] However, as petitioner has not exhausted his administrative remedies, further discussion of petitioner's ineligibility or eligibility for mandatory supervised release is hereby reserved.

## II.
## PETITIONER'S ALLEGATIONS

Petitioner contends his federal constitutional rights were violated with regard to the disciplinary proceeding because:

1. There was insufficient evidence to support a guilty finding; and

2. Petitioner's plea of guilty to the disciplinary charge was coerced by counsel substitute and was involuntary.

## III.
## EXHAUSTION OF STATE COURT REMEDIES

Petitioner filed his federal application after the April 24, 1996, effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Consequently, no relief may

---

[2] In order to challenge a prison disciplinary adjudication by way of a federal petition for a writ of habeas corpus, a petitioner must, at a minimum, be eligible for mandatory supervised release <u>and</u> have received a punishment sanction which included forfeiture of previously accrued good time credits. *See Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000).

be granted to petitioner unless he has exhausted the remedies available in the courts of the State, or an exception to exhaustion exists. However, an application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State. 28 U.S.C. § 2254(b)(2). This AEDPA deference scheme also applies to a habeas challenge to the determination resulting from a prison disciplinary procedure for which appeal is available through the grievance process. *Baxter v. Estelle*, 614 F.2d 1030 1031-32 (5th Cir. 1980). Such an appeal through the grievance process has been construed to constitute "the right under the law of the State to raise, by [an] available procedure, the question presented." 28 U.S.C. § 2254(c); *see also Lerma v. Estelle*, 585 F.2d 1297, 1299 (5th Cir. 1978).[3]

As stated previously, petitioner failed to file a Step 1 or Step 2 grievance. It thus appears to the Court that petitioner's claims were never exhausted and that he is now procedurally barred, by TDCJ-CID time limits, from presenting his claims to state authorities.[4] For this reason, petitioner's claims should be dismissed for failure to exhaust and as procedurally barred.

IV.
RECOMMENDATION

Based upon the foregoing, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus

---

[3] At the present time, the petitioner is not required to present habeas claims challenging prison disciplinary cases to the Texas Court of Criminal Appeals because that court has stated it will not entertain challenges to prison disciplinary proceedings or the denial of good conduct time credit under the Prison Management Act. *Ex parte Palomo,* 759 S.W.2d 671 (Tex. Crim. App. 1988).

[4] Petitioner attempts to excuse his failure to exhaust. He states in his memorandum in support of his petition that he did not file a Step 1 or Step 2 grievance "due to the biased, inadequate administrative grievance procedures." (Petitioner's Memorandum at 1). Petitioner has not presented a valid basis to excuse his failure to exhaust. He must follow the proper procedures available to him before he can obtain review of his claims by this Court.

filed by petitioner ARTHUR RAY WILLIAMS should be, in all things, DISMISSED.

V.
INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file-marked copy of this Report and Recommendation to petitioner by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this \_\_\_\_\_21st\_\_\_\_\_ day of May 2008.

*(signature)*
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

**\* NOTICE OF RIGHT TO OBJECT \***

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the file mark on the first page of this recommendation. Service is complete upon mailing, Fed. R. Civ. P. 5(b), and the parties are allowed a 3-day service by mail extension, Fed. R. Civ. P. 6(e). Therefore, any objections must be filed **on or before the fourteenth (14th) day after this recommendation is filed**. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).